MILFORD (VIL.) v. CINCINNATI, MILFORD & LOVELAND TRAC. CO.

1. EQUITY MAY REQUIRE PERFORMANCE OF FRANCHISE CONDITIONS BY MANDATORY INJUNCTION OR SPECIFIC PERFORMANCE.

While, as equity never decrees a forfeiture, injunction cannot be employed to work an ouster or to forfeit a franchise, nevertheless a court of chancery may, by mandatory injunction or decree for specific performance, require the performance of the conditions under which a corporation exercises a franchise.

2. COURT WILL DECREE SPECIFIC PERFORMANCE NOTWITHSTANDING NECESSITY OF CONTINUING SUPERVISION, WHEN.

Although a court should be slow to enforce, by mandatory injunction or specific performance, the performance of the conditions under which a corporation exercises a franchise because of the continuing supervision which the enforcement of such an order or decree would entail upon the court, nevertheless this is not a conclusive obstacle, and when public rights are involved, a court of chancery will not shrink from the maintenance, through its duly appointed officer, of such continuing supervision as is necessary to preserve the rights of the public.

3. "REPAIR" OF TURNPIKE MEANS WHAT.

The word "repair" as used in an ordinance stipulating that a given turnpike shall be "put in repair from gutter to gutter" does not mean a new road made to a new grade, but it does mean a filling of all the holes and an evening up of the surface so that the ordinary and expected travel of the locality may pass with reasonable ease and safety.

JELKE, J.

We find on the evidence that the Cincinnati, Columbus & Wooster Turnpike through the village of Milford is not in the condition of repair required by the third section of the ordinance of August 4, 1903, and that the Cincinnati, Milford & Loveland Traction Company, defendant herein, is in default in this regard, and has failed in the performance of this condition of its franchise.

Injunction cannot be resorted to, to work an ouster or to forfeit a franchise. Equity never decrees a forfeiture. A court of chancery may, however, by mandatory injunction or decree for specific performance require the performance of the conditions under which a corporation exercises a franchise.

The difficulty about such an order or decree in this case is the continuing supervision which its enforcement would entail upon the court.

This objection only furnishes one more reason why a court of chancery should be slow to intervene, but is not a conclusive obstacle, and when public rights are involved a court of chancery will not shrink

from the maintenance, through its duly appointed officer, of such continuing supervision necessary to preserve the rights of the public. See Pomeroy, Contracts p. 31, n. 1, citing Joy v. St. Louis, 138 U. S. 1 [11 Sup. Ct. Rep. 243; 34 L. Ed. 843], and other cases. In the case at bar there is excuse for defendant's dereliction in that the weather has made it impossible to do this kind of work since Thanksgiving day.

There is also another reason why defendant should not at this time be enjoined in that it is under contract in its franchise to have its cars in operation by March 3, 1904.

An injunction as prayed for will be denied, but under plaintiff's general prayer for equitable relief the court will order defendant company to put said road in the repair required by the ordinance, that is, "cause said turnpike to be put in repair from gutter to gutter with number two broken stone" by March 31, 1904.

There can be little or no sincere doubt as to what "repair" here means. It does not mean a new road made to a new grade, but it does mean a filling of all the holes and an evening up of the surface.

"To keep a street in repair is to have it in such state as that the ordinary and expected travel of the locality may pass with reasonable ease and safety." McMahon v. Railway, 75 N. Y. 231, 236.

The condition of the ordinance is plain and defendant manifestly up to now has not lived up to it. Defendant is not expected to repair the damage caused by the waterworks commission.

If defendant company cannot understand what to do under the ordinance and the foregoing, the court will appoint its own supervising engineer to direct the work.

**Giffen** and **Swing, JJ.,** concur.